Blase MORALES, Appellant,

v.

JoAnn MURPHEY, Appellee.

No. 04–94–00548–CV.

Court of Appeals of Texas, San Antonio.

Aug. 31, 1995.

Rehearing Overruled Oct. 16, 1995.

Joe Stenberg, San Antonio, Richard R. Orsinger, San Antonio, Oliver S. Heard, Jr., Heard, Goggan, Blair & Williams, San Antonio, for Appellant.

George G. Brin, Sandra C. Zamora, Brin & Brin, P.C., San Antonio, Thomas F. Nye, Linda C. Breck, Brin & Brin, P.C., Corpus Christi, for Appellee.

Before RICKHOFF, STONE and GREEN, JJ.

PAUL W. GREEN, Justice.

This is an appeal of a summary judgment. Blase Morales, appellant, filed suit alleging various causes of action against psychologist, Dr. JoAnn Murphey. The causes of action alleged arose from Murphey's examination of Morales' daughter and subsequent diagnosis and report concluding the daughter had been sexually abused by Morales. Morales appeals, asserting the trial court erred in finding Murphey owed Morales no duty; in finding communications by Murphey during the course of pre-trial and judicial proceedings

and affidavits filed with the court to be privileged; and in finding all causes of action barred by the one-year statute of limitations. We affirm.

The trial court granted Murphey's motion for summary judgment as to all issues except negligent impairment of family relations, pointing out that a summary judgment motion was not the proper means to challenge a pleading for failure to state a cause of action. Murphey filed a special exception challenging Morales' allegation of negligent impairment of family relations for failure to state a cause of action. The trial court sustained the special exception, struck Morales' allegation, and granted him ten days in which to amend his pleading. Morales did not; thus, the order granting Murphey's summary judgment, along with the order titled "Order Nunc Pro Tunc Concerning Defendant's Special Exception to Plaintiff's (Third) Amended Original Petition" striking Morales' negligent impairment cause of action, combined to constitute a final judgment.[1]

Morales and his wife, Deborah, divorced and the trial court granted Deborah custody of the couple's two children in a divorce decree signed in July 1987. Shortly thereafter, Deborah came to suspect that someone had sexually molested their daughter. Deborah contacted Murphey, who had previously treated the daughter after a 1984 incident at the child's day care facility which, at the time, was concluded by the Texas Department of Human Resources to have been "sexual play with an 'age-mate.'" In the intervening years between 1984 and 1987, Murphey counseled Deborah and the children. Murphey never counseled Morales nor did he ever bring the children to Murphey for counseling.

Subsequent to the suspected August 1987 instance of abuse, Murphey had several psychotherapy sessions with the daughter. Murphey concluded that the daughter had, in fact, been sexually abused and that the father was the perpetrator. Murphey reported her conclusions to Deborah and, later, to the court. In mid-September 1987, Deborah petitioned to terminate Morales' parental rights and, pursuant to temporary orders issued by the court, Morales' visitation rights were suspended. Based on jury findings at the March 1988 termination hearing, Morales' parental rights were not terminated. Concurrent with the termination proceeding, a Real County, Texas grand jury indicted Morales for indecency with a child. A jury found Morales not guilty.

In October 1989, Morales instituted this proceeding alleging various causes of action. The causes of action alleged in the Original Petition and three succeeding amendments include negligence, gross negligence, negligent impairment of family relations, intentional and negligent infliction of emotional distress, and defamation (i.e. invasion of privacy, false light, and making private facts public). The causes of action fall into two general categories: complaints alleging damage to Morales' relationship with his children,[2] and those derived from Murphey's communication to the court of her diagnosis that the child had been abused and identifying the father as the offender.

■ All of the defamation causes of action necessarily attack Murphey's communication of her conclusions. Morales' attempts to characterize his pleadings as something other than a challenge to Murphey's allegedly erroneous diagnosis of the child and communication of said diagnosis to the court are unpersuasive. Were it not for Murphey's communication of her diagnosis, Morales would have no complaint save impairment of familial relations. On appeal, Morales contends that Murphey had a duty to exercise control over his daughter to prevent the foreseeable harm which would result if the daughter erroneously accused him as the molester. Although

---

1. Although titled a Nunc Pro Tunc order, it was not. In actuality, the order was simply one sustaining Murphey's special exception. The nature of a pleading is determined from its substance and not its title. TEX.R.CIV.P. 71; *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex.1980); *Davis v. Mathis*, 846 S.W.2d 84, 89 (Tex.App.— Dallas 1992, no writ).

2. Texas does not recognize an independent cause of action for negligent interference with familial relationships. *Helena Lab. Corp. v. Snyder*, 886 S.W.2d 767, 768 (Tex.1994).

framed in terms of a duty to Morales, this allegation is no more than a back door attempt to impose liability on Murphey for communicating an allegedly erroneous diagnosis that Morales sexually abused his daughter. Further, it is nonsensical to suggest that Murphey has a duty to prevent her patient from doing something from which Murphey herself has no duty to refrain.

Other than Morales' allegation of impairment of familial relations, the balance of Morales' causes of action are grounded in the argument that Murphey wrongfully suggested the child had been sexually abused, reinforced the idea in the child's mind, and encouraged the child to identify the father as her abuser. However, if anything, this argument implicates the methods Murphey used to examine and diagnose the child. Notwithstanding that use of improper diagnostic procedures may implicate a duty to the patient, it does not involve any duty to a third party, including the patient's parent.

Point of error number one asserts the trial court erred in finding that Murphey owed Morales no duty and in granting summary judgment on that basis.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the non-movant. *Id.* at 548–49. Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in his favor. *Id.* at 549. Neither statements made by the parties nor pleadings are competent summary judgment evidence. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

To recover in tort, a plaintiff must prove the existence and violation of a legal duty owed him by the defendant. *Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 395 (Tex.1991). Whether a legal duty exists under a set of facts is a question of law. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990).

The Texas Supreme Court case of *Bird v. W.C.W.* is directly on point with the instant case. In *Bird*, a psychologist examined a child for signs of sexual abuse and concluded the father was the abuser. *Bird v. W.C.W.*, 868 S.W.2d 767, 768 (Tex.1994). Criminal charges were filed against the father and the mother filed for custody. *Id.* The father retained custody and the criminal charges were later dismissed. *Id.* The father sued the diagnosing psychologist and her employer. *Id.*

The supreme court found that the mental health professional owed no duty to a third party for negligently misdiagnosing a patient's condition. *Id.* at 770. The court rejected imposition of a duty to a third party on the health care professional stating that, "while the risk of injury to an accused parent is real, it is only part of the equation." *Id.* at 769. The court found the need to eradicate sexual abuse of children to outweigh the danger of an erroneous accusation of a parent based, partly, on the ameliorative effect of the criminal sanctions provided for reporting false information in a custody proceeding.[3] *Id.* "[M]ental health professionals should be allowed to exercise their professional judgment in diagnosing sexual abuse of a child without the judicial imposition of a countervailing duty to third parties." *Id.*

Morales categorically pronounces that the instant case is distinguishable from *Bird*, but fails to explain the difference. Morales concedes that no professional relationship existed between Murphey and himself and that no duty is owed him resulting from a doctor-patient relationship. However, Morales seeks to remove the instant case from the ambit of *Bird* by asserting on appeal that his is not a complaint about misdiagnosis or communication of that diagnosis but, rather, that Murphey breached her duty to protect him from potentially erroneous accusations by his daughter. Notwithstanding Morales' semantic exercise, the import of his causes of action, other than those alleging impairment of

3. TEX.FAM.CODE ANN. § 34.031 (Vernon   Supp.1995).

the family relationship, is the same as those in *Bird*—harm caused by the psychologist's allegedly erroneous diagnosis and subsequent communication of her conclusion. *Bird v. W.C.W.*, 868 S.W.2d at 768–69 ("[W]hile couched in terms of negligent misdiagnosis, the essence of the father's claim is that it was Bird's *communication* of her diagnosis that caused him emotional harm and related financial damage." [emphasis in original] ). Because Murphey owed Morales no duty, it was not error for the trial court to grant summary judgment for that reason. Point of error number one is overruled.

Point of error number two complains the trial court erred by granting summary judgment on the basis that communications with the court made during the course of and in connection with the judicial proceedings are privileged under the common-law. Morales presents no argument or authority in support of his assertion of error. Morales' arguments and authority under this point of error address the statutory privilege afforded under the Family Code to persons reporting abuse in accordance therewith. TEX.FAM.CODE ANN. § 34.03 (Vernon Supp. 1995). Murphey's motion for summary judgment was not predicated on the Family Code privileges—in fact, statutory privileges are not even mentioned. Having failed to present argument or authority regarding a finding of common-law privilege, to the extent Morales asserts injury based on Murphey's communication of her diagnosis to the court, Morales' argument is waived. Moreover, even had Morales' point of error not been waived, *Bird* makes it clear that disclosure of a sexual abuse diagnosis during judicial proceedings is protected by a common-law privilege. *Bird v. W.C.W.*, 868 S.W.2d at 771 (citing *James v. Brown*, 637 S.W.2d 914, 916–17 (Tex.1982); *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912–13 (1942)). Point of error two is overruled.

Because the first two points of error are dispositive of this appeal, it is unnecessary to address point of error number three. The judgment of the trial court is affirmed.