LEDBETTER V. RAMSEY AND LEDBETTER

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-248-CV

MIKE LEDBETTER APPELLANT

V.

ANN RAMSEY AND DAVID LEDBETTER APPELLEES

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Mike Ledbetter appeals from the dismissal of his lawsuit against Appellees Ann Ramsey and David Ledbetter.  In five issues, Appellant claims that the trial court erred in dismissing the lawsuit, in failing to grant sanctions against Appellees, in overruling his motion to transfer venue, and in denying his motion for summary judgment.  We affirm.

In October 1998, Appellees instituted a mental health code proceeding in Denton County, under which the court involuntarily committed Appellant to the 
Wichita Falls State Hospital from October 29, 1998 until November 23, 1998
.  At the proceeding, Appellees testified as to the state of Appellant’s mental health.  Appellant later sued Appellees in Dallas County for their participation in the proceeding, alleging negligence, defamation, false imprisonment, invasion of privacy, and intentional infliction of emotional distress.  On Appellees’ motion, the court transferred venue to Denton County.

Appellees then moved to dismiss Appellant’s lawsuit, arguing that at the mental health proceeding, they “did nothing more than present evidence on observed behaviors portrayed by [Appellant].”  On March 15, 2002, the trial court held a hearing on Appellees’ motion to dismiss and Appellant’s pending motion for summary judgment, motion for sanctions, and motion to transfer venue.  The trial court granted Appellees’ motion to dismiss, denied Appellant’s motion for sanctions and motion for summary judgment, and found his motion to transfer to be moot.

In his first two issues, Appellant contends that the trial court erred in granting Appellees’ motion to dismiss.  We review the trial court’s dismissal of Appellant’s case under an abuse of discretion standard.  
See Am. Transitional Care Ctrs., Inc. v. Palacios,
 46 S.W.3d 873, 878 (Tex. 2001).  

The law is well settled that communications in the course of judicial proceedings are absolutely privileged and cannot serve as the basis of a lawsuit in tort, regardless of the negligence or the malice with which they are made.
  See
 
James v. Brown,
 637 S.W.2d 914, 916 (Tex. 1982);
  Darrah v. Hinds,
 720 S.W.2d 689, 691 (Tex. App.—Fort Worth 1986, writ ref’d n.r.e.).  This absolute privilege is a rule of nonliability and applies even though the statements are not relevant, pertinent, or material to the issues involved in the case in which they were uttered.  
Darrah, 
720 S.W.2d at 691.  Although most cases addressing the judicial communication privilege involve claims of libel or slander, Texas courts have applied the privilege to claims arising out of communications made in the course of judicial proceedings, regardless of the label placed upon the claim.
  Laub v. Pesikoff, 
979 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); 
Morales v. Murphey, 
908 S.W.2d 504, 505-06 (Tex. App.—San Antonio 1995, writ denied) (holding that judicial communication privilege precludes claims for, among other things, intentional infliction of emotional distress and defamation).

Appellant’s lawsuit against Appellees arose out of their institution of and communication of evidence at the mental health proceeding, which was a judicial proceeding.  Accordingly, the trial court did not abuse its discretion in dismissing the case.  
See
 
James, 
637 S.W.2d at 916; 
Darrah, 
720 S.W.2d at 691. 

Because the trial court’s dismissal was proper, we do not reach issues three through five.  We affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

GARDNER, J. filed a concurring opinion.

WALKER, J. filed a dissenting opinion.

[DELIVERED FEBRUARY 20, 2003]

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-248-CV

MIKE LEDBETTER APPELLANT

V.

ANN RAMSEY AND DAVID LEDBETTER APPELLEES

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

CONCURRING MEMORANDUM OPINION
(footnote: 2)

------------

I join in the opinion of the majority and write only to respond to certain arguments by Appellant not expressly addressed therein.  First, Appellant argues that his claims encompass more than libel or slander based on statements made in a judicial proceeding because he has also alleged other theories including that Appellees conspired prior to their statements made in the commitment proceedings.  However, adding a claim such as conspiracy does not take Appellant’s allegations outside the scope of the absolute immunity afforded for communications made in judicial proceedings.  

In 
Bird v. W.C.W.
, 868 S.W.2d 767, 768 (Tex. 1994), the plaintiff alleged negligence by a mental health professional in filing an allegedly false affidavit identifying the plaintiff as the perpetrator of child abuse.  Despite the label placed on the claim, the supreme court held that the claim was nevertheless within the scope of the judicial communications privilege, extending the privilege beyond defamation to avoid the “circumvention [of the policy behind the privilege] by affording an almost equally unrestricted action under a different label.”  
Id
. at 771-72 (quoting 
Doe v. Blake
, 809 F. Supp. 1020, 1028 (D. Conn. 1992)); 
see also Laub v. Pesikoff
, 979 S.W.2d 686, 696 (Tex. App.—Houston [1
st
 Dist.] 1998, pet. denied) (holding claims including intentional infliction of emotional distress and conspiracy to defraud plaintiff of his property by false affidavits in support of summary judgment were barred by judicial communications privilege regardless of how claims were cast).  

Appellant further complains that Appellees never raised judicial immunity in their motion to dismiss and that the dismissal thus cannot be upheld on that ground.  It appears that Appellant is essentially arguing that judicial immunity is an affirmative defense that is waived because it was not pleaded or expressly raised by Appellees.  However, when, as in this case, the plaintiff’s pleadings and own evidence show that an alleged defamatory statement was made in the course of a judicial or quasi-judicial proceeding, the defendant is relieved of the burden of raising that defense and no action lies as a matter of law.  
Gulf Atlantic Life Ins. Co. v. Hurlbut
, 696 S.W.2d 83, 100 (Tex. App.—Dallas 1985) (holding that absolute privilege for communications in judicial proceeding was not waived by failing to assert it as a defense), 
rev’d on other grounds
, 749 S.W.2d 762 (Tex. 1988).

Because, after careful consideration of the record, we agree that the trial court properly granted the motion to dismiss, it is unnecessary to address Appellant’s remaining complaints regarding the trial court’s denial of Appellant’s motions or its failure to consider additional evidence.  

ANNE GARDNER

JUSTICE

[DELIVERED FEBRUARY 20, 2003]

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-248-CV

MIKE LEDBETTER APPELLANT

V.

ANN RAMSEY AND DAVID LEDBETTER APPELLEES

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

DISSENTING MEMORANDUM OPINION
(footnote: 3)

------------

I respectfully dissent.  The record reflects that the trial court called the case, identified the motions pending before it, and summarily announced its rulings on those motions, all in two sentences.  The trial court refused Appellant’s offer of proof on each of the pending motions.  In his first and second issues on appeal, Appellant claims the trial court abused its discretion by dismissing his lawsuit without allowing him to put on evidence or make an offer of proof.

Fundamental fairness dictates that a party not be arbitrarily deprived of the right to offer any evidence.  
Monsanto Co. v. Davis
, 25 S.W.3d 773, 785 (Tex. App.—Waco 2000, pet. dism’d w.o.j.); 
Striedel v. Striedel
, 15 S.W.3d 163, 166 (Tex. App.—Corpus Christi 2000, no pet.).  In this case, the trial court refused to permit Appellant to put on any evidence or to make an offer of proof, in spite of Appellant’s ability and willingness to do so.  The trial court’s refusal to permit Appellant to put on evidence or to make an offer of proof regarding Appellees’ motion to dismiss constituted an abuse of discretion.  
Monsanto Co., 
25 S.W.3d at 785; 
Striedel
, 15 S.W.3d at 166.  
Moreover, without knowing the nature of the evidence Appellant was prepared to present to the trial court, we cannot be certain that the trial court’s dismissal of Appellant’s claims was proper.  
See
 
Tex. R. App. P.
 44.1(a)(2).  Accordingly, I would sustain Appellant’s first two issues, reverse the trial court’s judgment dismissing Appellant’s claims, and remand this cause to the trial court.

SUE WALKER

JUSTICE

[DELIVERED FEBRUARY 20, 2003]

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See 
Tex. App. R. P. 
47.4.

3:
See
 
Tex. R. App. P. 
47.4.

COMMENTS AND ANNOTATIONS
Comment 1:
Majority by Holman, Concur by Gardner, Dissent by Livingston