COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-248-CV
 
MIKE LEDBETTER                                                                                      
APPELLANT
V.
ANN RAMSEY AND DAVID LEDBETTER                                                            
APPELLEES
------------
FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Mike Ledbetter appeals from the
dismissal of his lawsuit against Appellees Ann Ramsey and David Ledbetter. In
five issues, Appellant claims that the trial court erred in dismissing the
lawsuit, in failing to grant sanctions against Appellees, in overruling his
motion to transfer venue, and in denying his motion for summary judgment. We
affirm.
In October 1998, Appellees instituted a
mental health code proceeding in Denton County, under which the court
involuntarily committed Appellant to the Wichita Falls State Hospital from
October 29, 1998 until November 23, 1998. At the proceeding, Appellees testified
as to the state of Appellant's mental health. Appellant later sued Appellees in
Dallas County for their participation in the proceeding, alleging negligence,
defamation, false imprisonment, invasion of privacy, and intentional infliction
of emotional distress. On Appellees' motion, the court transferred venue to
Denton County.
Appellees then moved to dismiss
Appellant's lawsuit, arguing that at the mental health proceeding, they
"did nothing more than present evidence on observed behaviors portrayed by
[Appellant]." On March 15, 2002, the trial court held a hearing on
Appellees' motion to dismiss and Appellant's pending motion for summary
judgment, motion for sanctions, and motion to transfer venue. The trial court
granted Appellees' motion to dismiss, denied Appellant's motion for sanctions
and motion for summary judgment, and found his motion to transfer to be moot.
In his first two issues, Appellant
contends that the trial court erred in granting Appellees' motion to dismiss. We
review the trial court's dismissal of Appellant's case under an abuse of
discretion standard. See Am. Transitional Care Ctrs., Inc. v. Palacios,
46 S.W.3d 873, 878 (Tex. 2001).
The law is well settled that
communications in the course of judicial proceedings are absolutely privileged
and cannot serve as the basis of a lawsuit in tort, regardless of the negligence
or the malice with which they are made. See James v. Brown,
637 S.W.2d 914, 916 (Tex. 1982); Darrah v. Hinds, 720 S.W.2d 689, 691
(Tex. App.--Fort Worth 1986, writ ref'd n.r.e.). This absolute privilege is a
rule of nonliability and applies even though the statements are not relevant,
pertinent, or material to the issues involved in the case in which they were
uttered. Darrah, 720 S.W.2d at 691. Although most cases addressing the
judicial communication privilege involve claims of libel or slander, Texas
courts have applied the privilege to claims arising out of communications made
in the course of judicial proceedings, regardless of the label placed upon the
claim. Laub v. Pesikoff, 979 S.W.2d 686, 689 (Tex. App.--Houston [1st
Dist.] 1998, pet. denied); Morales v. Murphey, 908 S.W.2d 504, 505-06
(Tex. App.--San Antonio 1995, writ denied) (holding that judicial communication
privilege precludes claims for, among other things, intentional infliction of
emotional distress and defamation).
Appellant's lawsuit against Appellees
arose out of their institution of and communication of evidence at the mental
health proceeding, which was a judicial proceeding. Accordingly, the trial court
did not abuse its discretion in dismissing the case. See James, 637
S.W.2d at 916; Darrah, 720 S.W.2d at 691.
Because the trial court's dismissal was
proper, we do not reach issues three through five. We affirm the trial court's
judgment.
                                                                       
DIXON W. HOLMAN
                                                                       
JUSTICE
PANEL B: HOLMAN, GARDNER, and WALKER, JJ.
               
GARDNER, J. filed a concurring opinion.
               
WALKER, J. filed a dissenting opinion.
[DELIVERED FEBRUARY 20, 2003]


COURT OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-248-CV
MIKE LEDBETTER                                                                        
         APPELLANT
V.
ANN RAMSEY AND DAVID LEDBETTER                                                
APPELLEES
------------
FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
------------
CONCURRING MEMORANDUM OPINION
(2)
------------
I join in the opinion of the majority and
write only to respond to certain arguments by Appellant not expressly addressed
therein. First, Appellant argues that his claims encompass more than libel or
slander based on statements made in a judicial proceeding because he has also
alleged other theories including that Appellees conspired prior to their
statements made in the commitment proceedings. However, adding a claim such as
conspiracy does not take Appellant's allegations outside the scope of the
absolute immunity afforded for communications made in judicial proceedings.
In Bird v. W.C.W., 868 S.W.2d
767, 768 (Tex. 1994), the plaintiff alleged negligence by a mental health
professional in filing an allegedly false affidavit identifying the plaintiff as
the perpetrator of child abuse. Despite the label placed on the claim, the
supreme court held that the claim was nevertheless within the scope of the
judicial communications privilege, extending the privilege beyond defamation to
avoid the "circumvention [of the policy behind the privilege] by affording
an almost equally unrestricted action under a different label." Id.
at 771-72 (quoting Doe v. Blake, 809 F. Supp. 1020, 1028 (D. Conn.
1992)); see also Laub v. Pesikoff, 979 S.W.2d 686, 696 (Tex.
App.--Houston [1st Dist.] 1998, pet. denied) (holding claims
including intentional infliction of emotional distress and conspiracy to defraud
plaintiff of his property by false affidavits in support of summary judgment
were barred by judicial communications privilege regardless of how claims were
cast).
Appellant further complains that Appellees
never raised judicial immunity in their motion to dismiss and that the dismissal
thus cannot be upheld on that ground. It appears that Appellant is essentially
arguing that judicial immunity is an affirmative defense that is waived because
it was not pleaded or expressly raised by Appellees. However, when, as in this
case, the plaintiff's pleadings and own evidence show that an alleged defamatory
statement was made in the course of a judicial or quasi-judicial proceeding, the
defendant is relieved of the burden of raising that defense and no action lies
as a matter of law. Gulf Atlantic Life Ins. Co. v. Hurlbut, 696 S.W.2d
83, 100 (Tex. App.--Dallas 1985) (holding that absolute privilege for
communications in judicial proceeding was not waived by failing to assert it as
a defense), rev'd on other grounds, 749 S.W.2d 762 (Tex. 1988).
Because, after careful consideration of
the record, we agree that the trial court properly granted the motion to
dismiss, it is unnecessary to address Appellant's remaining complaints regarding
the trial court's denial of Appellant's motions or its failure to consider
additional evidence.
                                                                       
ANNE GARDNER
                                                                       
JUSTICE
[DELIVERED FEBRUARY 20, 2003]

COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-248-CV
MIKE LEDBETTER                                                                            
     APPELLANT
V.
ANN RAMSEY AND DAVID LEDBETTER                                                
APPELLEES
------------
FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
------------
DISSENTING MEMORANDUM OPINION(3)
------------
I respectfully dissent. The record
reflects that the trial court called the case, identified the motions pending
before it, and summarily announced its rulings on those motions, all in two
sentences. The trial court refused Appellant's offer of proof on each of the
pending motions. In his first and second issues on appeal, Appellant claims the
trial court abused its discretion by dismissing his lawsuit without allowing him
to put on evidence or make an offer of proof.
Fundamental fairness dictates that a party
not be arbitrarily deprived of the right to offer any evidence. Monsanto Co.
v. Davis, 25 S.W.3d 773, 785 (Tex. App.--Waco 2000, pet. dism'd w.o.j.); Striedel
v. Striedel, 15 S.W.3d 163, 166 (Tex. App.--Corpus Christi 2000, no pet.).
In this case, the trial court refused to permit Appellant to put on any evidence
or to make an offer of proof, in spite of Appellant's ability and willingness to
do so. The trial court's refusal to permit Appellant to put on evidence or to
make an offer of proof regarding Appellees' motion to dismiss constituted an
abuse of discretion. Monsanto Co., 25 S.W.3d at 785; Striedel,
15 S.W.3d at 166. Moreover, without knowing the nature of the evidence Appellant
was prepared to present to the trial court, we cannot be certain that the trial
court's dismissal of Appellant's claims was proper. See Tex. R. App. P.
44.1(a)(2). Accordingly, I would sustain Appellant's first two issues, reverse
the trial court's judgment dismissing Appellant's claims, and remand this cause
to the trial court.
 
                                                                       
SUE WALKER
                                                                       
JUSTICE
[DELIVERED FEBRUARY 20, 2003]

1. See Tex. R. App. P. 47.4.
2. See Tex. App. R. P. 47.4.
3. See Tex. R. App. P. 47.4.