◼ In the Matter of LINDA LEWIS, Respondent, v JOHN CROSSON, Appellant.—Order unanimously reversed and vacated, without costs, and petition remitted to Family Court, Erie County, for a hearing and determination. Memorandum: On January 31, 1973 an order was entered in Family Court, Erie County, directing respondent to pay $40 per week for the support of his four minor children in California. In February, 1974 that court's collector of such payments petitioned the court, alleging that respondent had failed to make such payments and was in arrears in the sum of $1,930, and asking the court to deal with respondent in accordance with section 454 of the Family Court Act. That section provides that if the court, after granting a hearing, "is satisfied by competent proof that the respondent has failed to obey any such order", it may "(a) commit the respondent to jail for a term not to exceed six months, if the failure was willful." Section 433 of the Family Court Act provides that upon return of the summons on such a petition, "the court shall proceed to hear and determine the case. The respondent shall be informed of the contents of the petition, advised of his right to counsel and shall be given the opportunity to be heard and to present witnesses." On the return date of the summons on this petition the court advised respondent of his right to an adjournment to obtain counsel; and respondent asked for such adjournment and the matter was adjourned for four days. On the adjourned date respondent's counsel advised him and the court that he "couldn't make it". The court acknowledged receiving such advice, but told respondent that he was entitled only to the one adjournment, and without more ordered him committed to the Sheriff for confinement in the county penitentiary for three months, subject to paying $500 to the court Probation Department immediately. The court turned a deaf ear to respondent's request for a further adjournment even until that afternoon, and closed the "hearing". Respondent appeals from the order entered that day on that determination. The statutory provision requiring the court to advise a respondent of his right to counsel implies that the court will give respondent and his retained counsel reasonable opportunity to appear and present respondent's evidence and arguments. The record shows that the court flatly violated this provision on the adjourned date. Moreover, the court also violated the mandate of the statute by adjudicating that respondent had willfully disobeyed the order of January 31, 1973, although the court had not given respondent an opportunity, with or without his attorney, to be heard and present his witnesses, including himself, on the question of his ability to pay in accordance with the terms of the order, and his willful disobedience thereof. Such action by the court was arbitrary and unjudicial. The order must, therefore, be reversed and vacated; and the petition is remitted to Family Court, Erie County, for a hearing and determination in accordance with the prescribed statutory procedure. (Appeal from order of Erie County Family Court—support.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.