■ In the Matter of BRENDA EMERSON, Respondent, v THOMAS EMERSON, Appellant. — Appeal (1) from an order of the Family Court of Columbia County (Oberwager, J.), dated February 20, 1980, which directed respondent to pay petitioner weekly support payments of $100, and (2) from an order of said court (Zittell, J.), dated May 9, 1980, which modified the support order by reducing the weekly payments to $60 while petitioner is receiving public assistance. Petitioner, who was separated from her husband, commenced a support proceeding on February 15, 1980 under article 4 of the Family Court Act. A hearing was held with both parties appearing without counsel. On February 20, 1980, a Family Court order was made requiring respondent to pay $100 per week for the support of his wife and four children. Respondent, after commencing an action for divorce on February 29, 1980, brought a proceeding in Family Court to modify the February 20, 1980 support order. That order was modified by reducing respondent's support obligation to $60

per week while petitioner is receiving public assistance. Respondent appeals from both orders. Since the record clearly shows that a hearing was held in Family Court on February 15, 1980, at which the parties herein were unrepresented by counsel, and, further, since no support agreement was reduced to writing and submitted for court approval, the applicable provisions of the Family Court Act compel reversal of the original support order. At a support hearing "[t]he respondent shall be * * * advised of his right to counsel" (Family Ct Act, § 433). Respondent was not so advised. Petitioner's contention that the proceedings of February 15, 1980 did not constitute a "hearing" is not supported by the record. Respondent clearly indicated to the court that he was unable to pay more than $25 weekly for the support of his family. The fact that the court ordered him to pay $100 per week undercuts petitioner's argument that no "hearing" within the meaning of the Family Court Act was held, as well as her contention that respondent agreed to pay the ordered sum since such an agreement "must be reduced to writing and submitted to the family court for approval" (Family Ct Act, § 425). The court record shows neither an agreement nor a submission for approval. Orders reversed, on the law and the facts, without costs, and a new hearing ordered. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.