■ In the Matter of Patricia Kirk, Respondent, v Leslie Kirk, Appellant. — Appeal from an order of the Family Court of Delaware County (Farley, J.), entered May 11, 1982, which determined that respondent was legally chargeable with the support of petitioner and her minor child. Petitioner, who is separated from her husband, commenced a support proceeding on March 30, 1982 under article 4 of the Family Court Act. On May 11, 1982, a hearing was held and both parties appeared without counsel. As a result, the court determined that respondent was liable to support both petitioner and her minor child. Due to respondent's unemployment, no amount of support was actually set, but he was ordered to notify the court in the event he obtained future employment. Respondent has appealed. Notwithstanding the fact the order of support recites that respondent was advised of his right to counsel, a review of the sparse four-page hearing transcript demonstrates otherwise, requiring that the support order be reversed (see Family Ct Act, § 433; *Matter of Emerson v Emerson,* 83 AD2d 971). At a support hearing "[t]he respondent shall be informed of the contents of the petition, advised of his right to counsel, and shall be given opportunity to be heard and to present witnesses" (Family Ct Act, § 433). In our view, the court failed to heed these due process requirements. Nor is this an instance where the right to counsel has been knowingly and intelligently waived (see, e.g., *Matter of Krieger v Krieger,* 43 AD2d 954). Moreover, the issue of legitimacy of a child born to a married woman may be raised by the respondent husband in a proceeding brought against him for support of the child (Family Ct Act, §§ 418, 436; *Matter of Sandra I v Harold I,* 54 AD2d 1040, 1041; *Hansom v Hansom,* 75 Misc 2d 3, 5). Here, respondent stated "I have to see my lawyer at 1:00 today to see if he can release the blood test to prove the kid isn't mine". In this regard, it is significant that the child was born approximately three weeks after the parties were married (see *Matter of London v London,* 78 Misc 2d 535). These circumstances prevailing, the court improperly disregarded the paternity issue. Accordingly, the order should be reversed and a new hearing ordered. Order reversed, on the law and the facts, without costs, and a new hearing ordered. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.