■ In the Matter of AUDRIA M. SMITH, Respondent, v EDDIE J. SMITH, Appellant.—Order reversed, on the law, without costs, and matter remitted to Monroe County Family Court for further proceedings, in accordance with the following memorandum: Petitioner wife commenced a proceeding in Family Court seeking an upward modification of the child support

provisions contained in the divorce judgment previously granted. Additionally, petitioner sought a judgment for arrearages in child support ostensibly owing pursuant to the divorce decree. On the return date for a hearing before the Hearing Examiner, respondent appeared without an attorney, but was given permission to call his attorney. The record reveals that in the course of the hearing, which apparently commenced at 9:00 A.M. on September 25, 1984, respondent's attorney telephoned the Hearing Examiner and explained his immediate unavailability, but stated that he could be present at 11:00 A.M. on that day. Petitioner's attorney objected to any continuance and the hearing proceeded without any representation on respondent's behalf.

At the close of petitioner's proof on the issue of arrearages, the Hearing Examiner gave respondent the opportunity to proceed on his own behalf. The record clearly shows that respondent was woefully unprepared to proceed on his own behalf. Indeed, the Hearing Examiner then stated: "[s]o, what you're saying is that you're actually not prepared for this hearing—is that what you're saying?" Respondent replied affirmatively to this inquiry, but the hearing nonetheless proceeded, after which the Hearing Examiner recommended that arrearages in support payments be fixed at $6,070, an income deduction order be entered, and counsel fees be awarded. The report of the Hearing Examiner did note that respondent's attorney had telephoned the Examiner and claimed to have evidence of cash support payments made by respondent which could be substantiated by bank records. While respondent's attorney submitted objections to the report of the Hearing Examiner, Family Court confirmed the finding of the Hearing Officer. We reverse.

Family Court Act § 433 (renum § 433 [a], eff No. 1, 1985) provides: "Upon the return of the summons or when a respondent is brought before the court pursuant to a warrant, the court shall proceed to hear and determine the case. The respondent shall be informed of the contents of the petition, advised of his right to counsel, and shall be given opportunity to be heard and to present witnesses."

Absent clear and convincing evidence that respondent has waived the right to counsel and elected to proceed *pro se,* respondent has the right to counsel at a support hearing *(Matter of Kirk v Kirk,* 95 AD2d 888; *Matter of Emerson v Emerson,* 83 AD2d 971, 972; *Matter of Krieger v Krieger,* 43 AD2d 954). This court, interpreting Family Court Act § 433, has held that "[t]he statutory provision requiring the court to

advise a respondent of his right to counsel implies that the court will give respondent and his retained counsel reasonable opportunity to appear and present respondent's evidence and arguments" *(Matter of Lewis v Crosson,* 53 AD2d 1029).

In our view, the record here clearly shows that respondent is an unsophisticated person who did not understand what the Hearing Officer meant when told to proceed with "his version" of the case and to cross-examine petitioner.

The Hearing Examiner's attempt to allow respondent to cross-examine petitioner and "present his case" did not fulfill the statutory requirement that respondent be given an opportunity to be heard and to present witnesses. The record fully demonstrates that respondent was unable to represent himself and required the services of an attorney *(see, Matter of Silvestris v Silvestris,* 24 AD2d 247, 250). It is not disputed that respondent, in fact, had an attorney who claimed to have evidence in defense of the petition and who requested a very short continuance of the hearing. Although we do not condone the failure of respondent's attorney to inform the Hearing Examiner of his unavailability prior to the scheduled hearing date, we conclude that it was an abuse of discretion not to have granted the request for a continuance, especially in view of the fact that no previous adjournment had been requested.

Doerr, J. P., Boomer, Green and Lawton, JJ., concur. Pine, J., concurs in result in the following memorandum.

Pine, J. (concurring.) I concur in the result, but would affirm for a different reason. Family Court Act § 433 (renum § 433 [a], eff Nov. 1, 1985) provides that on the return date of the summons, respondent shall be advised of his right to counsel and shall be given an opportunity to be heard and to present witnesses. The record before us does not include the proceedings on the date the summons was returnable and thus we cannot determine whether respondent was so advised *(cf. Matter of Dickstein v Dickstein,* 99 AD2d 929). I therefore agree with the majority that a reversal is mandated. I note, however, that had the record revealed that respondent was adequately advised of his right to counsel, I would affirm. While I agree that in some circumstances an adjournment may be warranted, respondent's failure to notify his attorney of the hearing date does not constitute such a circumstance. (Appeal from order of Monroe County Family Court, Affronti, J.—arrearages.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.