In the Matter of SARAH B. THOMPSON, Respondent, v MARCUS A. THOMPSON, Appellant. ONTARIO COUNTY, Respondent. [873 NYS2d 786]—

Appeal from an order of the Family Court, Ontario County

(Frederick G. Reed, J.), entered February 15, 2008 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, revoked the suspension of the jail sentence of respondent Marcus A. Thompson.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Ontario County, for a hearing on the petition in accordance with the following memorandum: Petitioner commenced this proceeding alleging that respondent-appellant (respondent) had violated a May 2007 order requiring him to pay child support in the amount of $28 per month. In addition, the order suspended a six-month jail sentence imposed based on respondent's prior willful failure to pay support. Respondent now appeals from an order revoking the suspension of the jail sentence and remanding him to the Ontario County jail. Although Family Court had the discretion to revoke the suspension of the jail sentence, the court erred in doing so without first affording respondent "an 'opportunity to be heard and to present witnesses' . . . on the issue whether good cause existed to revoke the suspension of the sentence" (*Ontario County Dept. of Social Servs. v Hinckley*, 226 AD2d 1126 [1996], quoting Family Ct Act § 433 [a]; *see Matter of Wolski v Carlson*, 309 AD2d 759 [2003]). No specific form of a hearing is required, but at a minimum the hearing must " 'consist of an adducement of proof coupled with an opportunity to rebut it' " (*Ontario County Dept. of Social Servs.*, 226 AD2d 1126 [1996]). "[I]t is well settled that neither a colloquy between a respondent and Family Court nor between a respondent's counsel and the court is sufficient to constitute the required hearing" (*Matter of Commissioner of Chenango County Dept. of Social Servs. v Bondanza*, 288 AD2d 773, 773-774 [2001]; *see Matter of Delaware County Dept. of Social Servs. v Manon*, 119 AD2d 940 [1986]). Contrary to the contention of respondent Ontario County, respondent did not waive his right to a hearing pursuant to Family Court Act § 433. Waiver of the right to be heard in a meaningful manner must be " 'unequivocal, voluntary and intelligent' " (*Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d 365, 373 [2008]), and the request for an adjournment by respondent's attorney cannot be considered a waiver of respondent's right to a hearing. We therefore reverse the order and remit the matter to Family Court for a hearing on the petition in compliance with Family Court Act § 433 before a different judge. Present—Scudder, P.J., Smith, Centra and Fahey, JJ.