# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**281**
**CAF 12-00553**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

IN THE MATTER OF DANICA DAVIS,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JUSTIN K. BOND, RESPONDENT-APPELLANT.

DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR RESPONDENT-APPELLANT.

-------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Rosalie Bailey, J.), entered March 2, 2012 in a proceeding pursuant to Family Court Act article 4. The order confirmed the order of the Support Magistrate finding that respondent had willfully failed to obey a court order.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following Memorandum: Petitioner mother commenced this proceeding alleging that respondent father violated a February 2011 order (February order) requiring him to pay child support in the amount of $155 per week. The Support Magistrate previously had issued an order "on consent" in November 2011 (November order), setting forth that the father admitted that he willfully violated the February order and finding him in willful violation of the February order. The Support Magistrate imposed a sentence of four months in jail but suspended the sentence on the condition that the father did not miss two consecutive support payments. The parties appeared before Family Court in January, February and March 2012, based on what appears from the record to be the father's alleged failure to pay support pursuant to the November order. On the date of the last appearance, in March 2012, the court dispensed with a hearing, took an oral admission of nonpayment from the father's attorney and, by the order on appeal, "confirmed" the order of the Support Magistrate to the extent that the Support Magistrate found the father to be in willful violation of the February order. The court sentenced the father to four months in jail.

Although the court had the discretion to revoke the suspension of the jail sentence, the court erred in doing so without first affording the father "an opportunity to be heard and to present witnesses . . . on the issue whether good cause existed to revoke the suspension of the sentence" (*Matter of Thompson v Thompson*, 59 AD3d 1104, 1105, quoting Family Ct Act § 433 [a] [internal quotation marks omitted];

*see Ontario County Dept. of Social Servs. v Hinckley*, 226 AD2d 1126, 1126).  "No specific form of a hearing is required, but at a minimum the hearing must consist of an adducement of proof coupled with an opportunity to rebut it" (*Thompson*, 59 AD3d at 1105 [internal quotation marks omitted]).  " '[I]t is well settled that neither a colloquy between a respondent and Family Court nor between a respondent's counsel and the court is sufficient to constitute the required hearing' " (*id.*).  Here, there was only the admission of nonpayment by the father's attorney, which was insufficient (*see id.*), and there was no opportunity for the father to present evidence rebutting the allegations against him.  We therefore reverse the order and remit the matter to Family Court for a hearing on the petition in compliance with Family Court Act § 433.