Matter of Green v Lafler (2019 NY Slip Op 08306)





Matter of Green v Lafler


2019 NY Slip Op 08306


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1006 CAF 18-00623

[*1]IN THE MATTER OF AMANDA GREEN, PETITIONER-RESPONDENT,
v
JUSTIN LAFLER, RESPONDENT-APPELLANT. (APPEAL NO. 2.) 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Cayuga County (Mark H. Fandrich, A.J.), entered February 16, 2018 in a proceeding pursuant to Family Court Act article 4. The order, among other things, committed respondent to jail for a term of six months upon a determination that respondent willfully violated a prior order. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Cayuga Court, for further proceedings in accordance with the following memorandum: In appeal No. 1, respondent father appeals from an order of commitment that committed him to jail for a period of six months, and he purports to appeal from the findings of fact of the Support Magistrate. In appeal No. 2, the father appeals from an order that confirmed the Support Magistrate's finding of a willful violation of a prior order of child support and sentenced the father to six months in jail.
With respect to appeal No. 1, inasmuch as the father has finished serving his sentence, his appeal from the order of commitment must be dismissed as moot (see Matter of Davis v Williams, 133 AD3d 1354, 1355 [4th Dept 2015]). To the extent that in appeal No. 1 the father seeks to appeal from the findings of fact of the Support Magistrate, we conclude that his appeal must be dismissed because no appeal lies therefrom (see Matter of Huard v Lugo, 81 AD3d 1265, 1266 [4th Dept 2011], lv denied 16 NY3d 710 [2011]; see also Family Ct Act § 439 [a]). His sole remedy with respect to the findings of fact was to appeal from the final order of the Family Court (see Huard, 81 AD3d at 1266), and we note that he does appeal from that order in appeal No. 2.
With respect to appeal No. 2, we agree with the father that, although he completed serving the sentence of incarceration, his appeal is not moot with respect to the finding that he willfully violated a prior child support order because of the " enduring consequences [that] potentially flow from an order adjudicating a party in civil contempt' " (Matter of Jasco v Alvira, 107 AD3d 1460, 1460 [4th Dept 2013], quoting Matter of Bickwid v Deutsch, 87 NY2d 862, 863 [1995]; see Matter of Christine L.M. v Wlodek K., 45 AD3d 1452, 1452 [4th Dept 2007]).
We agree with the father in appeal No. 2 that the court erred when it determined that the father's alleged violation of the child support order was willful because it did not afford the father with the opportunity to be heard and present witnesses (see Matter of Davis v Bond, 104 AD3d 1227, 1228 [4th Dept 2013]; Matter of Thompson v Thompson, 59 AD3d 1104, 1105 [4th Dept 2009]; see generally Family Ct Act §§ 433, 454 [1]). Although "[n]o specific form of a hearing is required, . . . at a minimum the hearing must consist of an adducement of proof coupled with an opportunity to rebut it" (Thompson, 59 AD3d at 1105 [internal quotation marks omitted]). Moreover, "[i]t is well settled that neither a colloquy between a respondent and [the] [c]ourt nor between a respondent's counsel and the court is sufficient to constitute the required hearing" (Davis, 104 AD3d at 1228 [internal quotation marks omitted]; see Thompson, 59 AD3d [*2]at 1105).
Here, none of the parties' appearances on the violation petition consisted "of an adducement of proof coupled with an opportunity to rebut it" (Thompson, 59 AD3d at 1105 [internal quotation marks omitted]). At most, there was merely "a colloquy" between the father and Support Magistrate, which is insufficient to constitute the required hearing (Davis, 104 AD3d at 1228 [internal quotation marks omitted]). Moreover, there is nothing in the record to establish that petitioner mother provided admissible evidence with respect to the father's alleged willful failure to pay child support, nor is there any admissible evidence submitted by the Support Collection Unit (see generally Family Ct Act § 439 [d]; Matter of Pringle v Pringle, 296 AD2d 828, 828 [4th Dept 2002]). Also, the father was never given the opportunity to present evidence rebutting the allegations in the petition. Thus, we reverse the order in appeal No. 2 and remit the matter to Family Court for a hearing on the petition in compliance with Family Court Act § 433.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court