Matter of Onondaga County v Taylor (2024 NY Slip Op 04040)

Matter of Onondaga County v Taylor

2024 NY Slip Op 04040

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

552 CAF 23-00518

[*1]IN THE MATTER OF ONONDAGA COUNTY, COMMISSIONER OF SOCIAL SERVICES, ON BEHALF OF DESLA L. SULLIVAN, PETITIONER-RESPONDENT,
v
MARSHEEN B. TAYLOR, RESPONDENT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
LAL, GINGOLD & FRANKLIN, PLLC, SYRACUSE (SUJATA LAL OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cerio, J.), entered March 6, 2023, in a proceeding pursuant to Family Court Act article 4. The order, among other things, sentenced respondent to incarceration at the Onondaga County Correctional Facility for a period of six months. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 4, respondent appeals from an order that confirmed the Support Magistrate's finding of a willful violation of a prior order of child support and sentenced him to six months of incarceration. We reverse.
We agree with respondent that Family Court erred when it determined that his alleged violation of the child support order was willful and sentenced him to incarceration because the court did not afford respondent the right to a fair hearing (see Matter of Green v Lafler, 177 AD3d 1380, 1381 [4th Dept 2019]; Matter of Davis v Bond, 104 AD3d 1227, 1228 [4th Dept 2013]; see generally Family Ct Act §§ 433, 454 [1]). Although "[n]o specific form of a hearing is required, . . . at a minimum the hearing must consist of an adducement of proof coupled with an opportunity to rebut it" (Matter of Thompson v Thompson, 59 AD3d 1104, 1105 [4th Dept 2009] [internal quotation marks omitted]), and the court must provide "counsel reasonable opportunity to appear and present respondent's evidence and arguments" (Matter of Lewis v Crosson, 53 AD2d 1029, 1029 [4th Dept 1976]; see Matter of Smith v Smith, 122 AD2d 546, 547-548 [4th Dept 1986]). Here, the court denied respondent's assigned counsel an adjournment to allow her time to prepare for the hearing, for which she had no prior notice, and further prohibited her from conferring with respondent before the court attempted to swear in respondent to testify, and the court in so doing denied respondent his right to counsel and, thus, denied him a fair hearing, prior to sentencing him to a period of incarceration (see Matter of Worsdale v Holowchak, 170 AD3d 1027, 1029 [2d Dept 2019]; Matter of Keenan v Keenan, 51 AD3d 1075, 1077-1078 [3d Dept 2008]; see generally People v Spears, 64 NY2d 698, 699-700 [1984]).
Further, the record demonstrates that the court "had a predetermined outcome of the case in mind during the hearing" (Matter of Anthony J. [Siobvan M.], 224 AD3d 1319, 1320 [4th Dept 2024] [internal quotation marks omitted]) and "took on the function and appearance of an advocate" (Matter of Zyion B. [Fredisha B.], 224 AD3d 1285, 1286 [4th Dept 2024] [internal quotation marks omitted]). Specifically, the court, inter alia, sua sponte transformed what was scheduled as an appearance for a "[r]eport" into a hearing, over the objection of respondent's assigned counsel; exhorted that, "[i]f [respondent] wants to be cheeky with me, we'll be cheeky"; [*2]advised the parties in advance that the hearing was only "going to take ten minutes"; sought to call respondent as a witness for the court's own line of questioning regarding his employment and inquired of respondent's counsel whether respondent would "like to answer my questions now or would he like to go to jail today"; and asked respondent if he had "clean underwear on," thereby implying that he would be going directly to jail after the hearing. We are compelled under these circumstances, once again, to remind the Family Court Judge in this case "that judges must perform their duties 'without bias or prejudice' " (id. at 1288, quoting 22 NYCRR 100.3 [B] [4]), and to "express our deep concern with the Family Court Judge's abandonment of her neutral judicial role" (id. at 1286). Given the "preconceived opinion expressed and the lack of impartiality exhibited" by the Family Court Judge before ordering that respondent be incarcerated for six months, the matter must be remitted to Family Court for a new hearing and determination by a different judge (Anthony J., 224 AD3d at 1320).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court