**Mark W. STRIEDEL, Appellant,**

v.

**Laurie STRIEDEL, Appellee.**

**No. 13–99–525–CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 17, 2000.

Rehearing Overruled April 6, 2000.

Mark Striedel, Corpus Christi, pro se.

Jill Williams, Asst. County Atty., Laura Garza Jimenez, County Atty., Corpus Christi, for appellee.

Before Chief Justice SEERDEN and Justices HINOJOSA and YAÑEZ.

## O P I N I O N

Opinion by Chief Justice SEERDEN.

This is an appeal of a protective order issued pursuant to the Texas Family Code. TEX. FAM.CODE ANN. §§ 81.001, 85.001 *et seq.* (Vernon 1998). By his first issue, appellant complains of the sufficiency of the evidence to prove that family violence had been committed and that family violence was likely to occur in the foreseeable future. By his second issue, appellant further complains of the trial court's failure to allow him to testify, be heard or present evidence in his own behalf.

*Jurisdiction*

Initially, we must consider our jurisdiction to entertain this appeal. We have jurisdiction over an appeal of a final judgment. *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). A final judgment is one which disposes of all issues and parties to the case. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985). Thus, "if a permanent injunction disposes of all issues and parties it is a final, appealable judgment." *James v. Hubbard,* 985 S.W.2d 516, 517 (Tex.App.—San Antonio 1998, no pet.). An injunction is permanent in its nature if "the duration of the injunctive relief granted does not depend on any further order of the court...." *Id.*(quoting *Aloe Vera of Am., Inc. v. CIC Cosmetics Int'l Corp.,* 517 S.W.2d 433, 435 (Tex. Civ.App.—Dallas 1974, no writ)). Mere designation will not, in and of itself, determine the nature of an injunction; rather, we must examine the character and function of the order to determine its nature. *Id.; see also In re Johnson,* 961 S.W.2d 478, 480 n. 1 (Tex.App.—Corpus Christi 1997, no writ)(citing *Del Valle Indep. Sch. Dist. v. Lopez,* 845 S.W.2d 808, 809 (Tex. 1992)).

The only cases considering the appealability of a protective order such as the one under consideration have reached opposite conclusions. In *Normand v. Fox,* 940 S.W.2d 401 (Tex.App.—Waco 1997, no writ), the court held it was without jurisdiction to consider the order. The court noted that, in accordance with the statute authorizing such, the order was effective for one year and that the trial court retained jurisdiction to modify it by adding or removing items from it. Comparing the matter to the power of the trial court to modify an order in a suit affecting the parent-child relationship, the court noted that the Family Code specifically provides that a suit for modification is a new lawsuit filed after the rendition of a final order. *Id.* at 403. The court concluded that this situation does not exist concerning protec-

tive orders, and while conceding that the issue is not entirely clear, concluded that a protective order is interlocutory and, thus, not appealable.

To the contrary is *Hubbard*, 985 S.W.2d at 516. The majority opinion in *Hubbard* observed that one of the provisions in the order prevented appellant from going within one hundred yards of appellee's preferred place of worship and noted that it may also be appellant's preferred place of worship. The court noted that valuable rights were at stake, and the duration of the order did not depend on any further action by the trial court. Therefore the court held the order was an appealable permanent injunction.

Examining the order in the case at issue, we note that it prohibits the appellant from committing acts of family violence and restricts his movements with relation to appellee. In addition to other requirements, appellant is ordered to begin counseling in a "batterer's treatment program" within thirty days from the date of the order, and to report to the court; further, if he does not report, he may be punished by contempt. The order is to be delivered to the City of Corpus Christi Police Chief, the Sheriff of Nueces County, and the parties, and remains in effect until July 20, 2000.

Our review of this order leads us to the inescapable conclusion that it meets all the requirements of a final judgment that makes final disposition of all issues between all parties. Its duration does not depend on any further action by the court. The order is appealable. This Court reached the same conclusion with regard to the same issue in No. 13–98–453–CV, *In re Nelda Cummings*. We have jurisdiction over this appeal.

### Protection of the Family Law

Title 4 of the Family Code was enacted in 1979, as an attempt to address the problem of family violence. While there have been a number of amendments regarding the procedural aspects of the law, there have been virtually no cases involving its provisions. In short, the law gives a prompt, efficient way to obtain a court order prohibiting violence in a family setting without the necessity of instituting divorce proceedings. It requires the state's attorney to serve as counsel, without charge, when the initial party makes a complaint of family violence. For a detailed discussion of the provisions, the advantages and problems created by this title, *see* Leota H. Alexander, *Protection of the Family*, 21 Tex. Tech L.Rev. 1863 (1990); Leota H. Alexander, *Title 4, Protection of the Family*, 13 Tex. Tech L.Rev. 1261 (1982).

### Facts

In this case, the application for protective order was brought by appellee, Laurie Striedel, against appellant on July 6, 1999. It alleges the parties were married but subsequently separated on or about June 9, 1999. Hannah Showak, appellant's daughter, was alleged to be a member of the household. The application alleged that appellant committed family violence and would commit same in the future. In accordance with the statute, appellee was represented by the County Attorney of Nueces County. Appellant appeared *pro se* at the hearing on the application.

At the hearing on appellee's application, appellant first requested an attorney to represent him, stating that he was indigent. He also requested an attorney ad litem for appellee's daughter, Hannah. Appellee's attorney objected to appointment of an attorney for appellant and stated that no issues were being brought regarding the child and that an attorney ad litem was not necessary for her. It is worth noting that the court's order includes extensive limitations upon appellant's contact and relationship with Hannah. The court denied appellant's request for appointment of attorneys.

Appellee then testified to facts concerning family violence which occurred on June

24, 1999. She stated that she had obtained an emergency protective order on June 10th, which had been served on appellant. She went to his apartment on June 24th to discuss their relationship. Violence occurred. Appellee's attorney noted that since the June 10th order was against appellant, not appellee, she was not violating the protective order. Evidence of possible future family violence comes only from the following questioning:

> Question: Are you afraid that the violence is going to continue between you and Mark Striedel?
>
> Answer: Yes.
>
> Question: Are you asking the court to grant you a protective order for your protection from him?
>
> Answer: Yes.

Thereafter, appellant attempted to cross-examine appellee concerning some of the matters testified to by her as well as some other family incidents. The questioning, responses, and statements of counsel take only two and one-half pages of the record in this short hearing. Before appellant finished his questioning of appellee, the court intervened and stated "I am going to grant the request for protective order...."

Appellant objected, stating he had other evidence and had not been allowed to testify. The court responded it had heard enough and granted the order.

### Sufficiency of Evidence and Right to be Heard

General principles of due process dictate that a litigant has a right to be heard and that the court must protect that right. *See In the Interest of J. (B.B.) M.,* 955 S.W.2d 405, 410 (Tex.App.—San Antonio 1997, no pet.). The opportunity to be heard and present evidence must generally amount to more than a cursory opportunity to cross-examine the other party's witnesses. *Reading & Bates Const. Co. v. O'Donnell,* 627 S.W.2d 239, 243 (Tex.

App.—Corpus Christi 1982, writ ref'd n.r.e.). A trial court is vested with broad discretion regarding the admission and presentation of evidence. *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989). However, fundamental fairness dictates that a party not be arbitrarily deprived of the right to offer any evidence. *Elliott v. Lewis,* 792 S.W.2d 853, 855 (Tex.App.—Dallas 1990, no writ); *City of Houston v. Houston Lighting & Power Co.,* 530 S.W.2d 866, 870 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). Such action by the trial court will amount to an abuse of discretion warranting reversal. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

In this instance, the trial court denied appellant any opportunity to present evidence, despite the fact that he affirmatively stated his ability and willingness to do so. The deprivation is particularly egregious because the issuance of the protective order may have a substantial effect on appellant's liberty in the future. Moreover, we are not convinced that the record developed prior to the premature conclusion of the hearing would adequately support issuing the protective order. While there is evidence tending to show that family violence had occurred, it is equally evident from appellee's testimony that after seeking the temporary protective order, appellee voluntarily went to appellant's residence to discuss financial matters. While it is true that appellee testified that violence ensued at the close of this meeting, the trial court was obligated to allow appellant an opportunity to present his evidence as to that occurrence as well as the probability of future violence. By depriving appellant of that opportunity, the trial court abused its discretion.

### Right to Counsel

While not raised as an issue on appeal,[1] because of the scarcity of cases regarding

---

1. We note, however, that appellant made repeated attempts in the trial court to raise this

this type of proceeding, we express our concern regarding the trial court's failure to give consideration to the appointment of counsel for appellant. In this case, appellant filed an affidavit of indigency. Attorney for appellee objected to further consideration because this was a civil, not criminal proceeding. The right of a respondent to counsel has generally been discussed in *Lassiter v. Department of Soc. Servs. of Durham County, N.C.,* 452 U.S. 18, 28–33, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640 (1981). In *Lassiter,* the Supreme Court set out a test for determining when the right to appointed counsel may be invoked even in civil proceedings. The court held:

> [T]hree elements to be evaluated in deciding what due process requires [are] the private interests at stake, the government's interest, and the risk that the procedures used will lead to erroneous decisions. We must balance these elements against each other, and then set their net weight in the scales against the presumption that there is a right to appointed counsel *only where the indigent, if he is unsuccessful, may lose his personal freedom.*

*Id.*(emphasis supplied).

This action was instituted and prosecuted by the State and appellee has received the benefit of the State's resources in that regard. As in all other situations in which appointed counsel is available, appellant faces the possible deprivation of his liberty inasmuch as he is unable to be in places he would otherwise be allowed and must en-

roll in a counseling program which may have otherwise been unnecessary. Additionally, he faces incarceration for his failure to abide by the terms of the order.[2] In the event of a retrial of this matter, we recommend that the trial court give additional consideration to appellant's right to appointed counsel.

### Conclusion

We sustain appellant's second issue. Because that issue is dispositive of this appeal, we need not consider appellant's first issue. TEX.R.APP. P. 47.1. The order of the trial court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

Dissenting Opinion by Justice YAÑEZ.

YAÑEZ, J., dissenting.

Because I am convinced we lack jurisdiction to entertain this appeal, I respectfully dissent.

Protective orders are not final judgments. *See Normand v. Fox,* 940 S.W.2d 401, 402 (Tex.App.—Waco 1997, no writ); *but see James v. Hubbard,* 985 S.W.2d 516, 518 (Tex.App.—San Antonio 1998, no pet.). In *Normand,* the appellate court held because the trial court retains the power to modify a protective order by removing items or by including items not previously contained in the order, the finality of the order is "clouded." *Id.;* TEX. FAM.CODE ANN. § 71.14 (Vernon 1996). *Normand* acknowledges that other "motions" to modify in the family law arena, *i.e.,* motions to

---

issue, all to no avail. We do not mean to express here any belief that the right to counsel cannot be waived.

**2.** The fact of potential incarceration is present in every case in which injunctive relief is sought. We do not mean to imply by this statement any belief that all respondents in injunctive relief cases have a credible right to counsel. Instead, an aggregation of factors lead us to this conclusion.

We note that, unlike any other "civil" proceeding in which injunctive relief is sought, a petitioner for a protective order is statutorily

guaranteed counsel. *See* TEX. FAM.CODE ANN. § 81.007(a) (Vernon 2000). Moreover, the statute specifically states that "The county attorney or the criminal district attorney is the prosecuting attorney responsible for filing applications under this subtitle...." *Id.* Examining the nature of a protective order, the method by which it is prosecuted, the sanctioned deprivations of liberty and property which are possible pursuant to such an order, and the possibility of incarceration, we believe the proceeding is quasi-criminal in its nature.

modify support or conservatorship, have been specifically designated by the legislature as "new suits." *See Normand,* 940 S.W.2d . at 403. The motion to modify protective order provided for under section 71.14 enjoys no such special designation. The ongoing power and ability of the trial court to revise the protective order at any time before it expires, means that upon signing the protective order, the trial court has not *finally* disposed of all the issues and parties.

Because the protective order is not a final judgment, it is an interlocutory order. This Court may only entertain an appeal from an interlocutory order if explicitly authorized by the legislature. The legislature has declined to grant us this authority. *See Hubbard,* 985 S.W.2d at 519 (Stone dissenting); *Normand,* 940 S.W.2d at 402–03.

There are sound reasons for the trial court to maintain this ongoing modification power over the issues and the parties. The nature of a protective order and the ills it seeks to eradicate require the relief it provides to be tailored and re-tailored to suit unique and volatile circumstances. I am also persuaded that any trial court errors are better corrected by the more expedient mechanism offered via mandamus.

Because we lack jurisdiction, I would refrain from addressing the merits of this appeal, and dismiss for lack of jurisdiction.