NO. 07-07-0320-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 24, 2007

_____

DAMON COX, APPELLANT

V.

ANGELA SIMMONS, APPELLEE

_____

FROM THE COUNTY COURT OF GRAY COUNTY;

NO. 4585; HONORABLE RICHARD D. PEET, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Damon Cox, proceeding *pro se*, appeals the entry of a Family Violence

Protective Order issued pursuant to Chapter 85 of the Texas Family Code on application

of Appellee, Angela Simmons.[1]  Pending before this Court is Cox's "*Notice of Extinuating*

_____

[1]Section 81.009 of the Texas Family Code permits an appeal from the *rendition* of
a protective order.

*(sic) Circumstances and Case History*," wherein he requests the appointment of counsel to "handle any further proceedings in this matter."[2]

Whether an indigent appellant is entitled to appointed counsel to prosecute an appeal concerning the rendition of a family violence protection order has not yet been decided by the courts of this State. The issue was discussed, however, in *Striedel v. Striedel*, 15 S.W.3d 163, 167 (Tex.App.–Corpus Christi 2000, no pet.), wherein the appellate court reversed the entry of a protection order on grounds unrelated to the appointment of counsel. In that case the court expressed concern regarding the trial court's failure to consider appointment of counsel for the appellant upon his filing of an affidavit of indigency. The court recommended that in the event of a retrial, the trial court "give additional consideration to appellant's right to appointed counsel." *Id.*

In arriving at its recommendation, the Corpus Christi Court of Appeals discussed the factors set out in *Lassiter v. Department of Soc. Servs. of Durham County*, *N.C.*, 452 U.S. 18, 27-33, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). In determining when the right to appointed counsel may be invoked in a civil proceeding, the Supreme Court balanced the factors set out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), against the general presumption that there is a right to appointed counsel only in those situations where the indigent, if unsuccessful, may lose his personal freedom.

---

[2]Cox notes that his attorney of record appointed to handle allegations concerning the *violation* of the protective order is Joshua Woodburn.

*Lassiter*, 452 U.S. at 27. Those factors include: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of a private interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

The Legislature vests a district judge with discretion to appoint counsel to a civil litigant who makes an affidavit that he is too poor to employ counsel. Tex. Gov't Code Ann. § 24.016 (Vernon 2004). The Supreme Court has recognized that in some exceptional cases, considering the public and private interests at stake, the effective administration of justice is best served by appointing counsel to represent an indigent civil litigant. *See Travelers Indem. Co. of Connecticut v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996). *See also Knie v. Piskun*, 23 S.W.3d 455, 461 (Tex.App.–Amarillo 2000, pet. denied).

Where incarceration is a possible result of a contempt proceeding, an indigent respondent is entitled to the appointment of counsel. *See* Tex. Fam. Code Ann. § 157.163(b) (Vernon 2002). *See also Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997); *Ex parte Keene*, 909 S.W.2d 507, 508 (Tex. 1995) (applying former § 14.32(f)). When the issue of indigency is raised, the trial court is obligated to inform the respondent of that right. *Ex parte Walker*, 748 S.W.2d 21, 22 (Tex.App.–Dallas 1988, no writ). Additionally, unless

such advice is given, a party's failure to request counsel is not a waiver of his constitutional right to assistance of counsel. *Id.*

Furthermore, in a suit brought by a governmental entity to terminate parental rights of an indigent parent, that parent has a statutory right to appointed counsel. *See* Tex. Fam. Code. Ann. § 107.013(a)(1) (Vernon Supp. 2006). *See also In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). Additionally, juveniles who may be found to be delinquent and subjected to loss of liberty also have the right to appointed counsel. *See In re Gault*, 387 U.S. 1, 41, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In re D.A.S.*, 973 S.W.2d 296, 298 (Tex. 1998); *Matter of R.S.C.*, 940 S.W.2d 750, 751-52 (Tex.App.–El Paso 1997, no writ). The Legislature has mandated that indigent juveniles receive the assistance of appointed counsel on appeal. Tex. Fam. Code Ann. §§ 51.10(f)(2) and 56.01(d)(3) (Vernon 2002 & Supp. 2006).

An application for court-ordered mental health services also triggers the appointment of counsel for a proposed patient. Tex. Health & Safety Code Ann. § 574.003(a) (Vernon 2003). This Court, relying on *Heryford v. Parker*, 396 F.2d 393 (10th Cir. 1968), noted that in mental health proceedings, the State undertakes to act in *parens patriae*, thereby imposing on the State a duty to accord due process, which necessarily includes the duty to ensure that a person subjected to such proceedings is afforded the opportunity of legal counsel at every step therein, including on appeal. *State for Best Interest & Protection of Ortiz*, 640 S.W.2d 67 (Tex.App.–Amarilllo 1982, no writ).

4

Ultimately, the decision on whether due process requires the appointment of counsel for an indigent party to a proceeding involving a family violence protective order is a matter for the trial court to determine in its discretion on a case by case basis. That determination would, of course, be subject to appellate review. Therefore, we abate this appeal and remand the cause to the trial court to utilize whatever means it finds necessary to determine:

(1) whether Cox is indigent; and

(2) whether, based on the authorities cited herein, Cox should be afforded the assistance of appointed counsel in prosecuting this appeal.

The trial court shall enter an order either granting or denying Cox's request for appointment of counsel. If counsel is appointed to represent Cox, counsel's name, address, telephone number, and state bar number shall be provided to the Clerk of this Court. The trial court's order shall be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before Monday, September 17, 2007. Pending the filing of the supplemental clerk's record, or until further order of this Court, all appellate deadlines are suspended.

It is so ordered.

Per Curiam

5