**Opinion issued April 11, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00405-CV

———————————

## XIAODONG LI, Appellant

## V.

## DDX GROUP INVESTMENT, LLC D/B/A DONG TIN CHINESE RESTAURANT, Appellee

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-79589**

---

### O P I N I O N

Xiaodong Li appeals the trial court's judgment denying his petition for a bill of review concerning a default judgment taken against him by DDX Group Investment, LLC, d/b/a Dong Tin Chinese Restaurant. In four issues, Li argues (1)

he was not properly served with process in the underlying suit, (2) he was not required to file a restricted appeal before bringing this action, (3) there is insufficient evidence to show he had notice of a default judgment in time to file a motion for new trial or restricted appeal, and (4) this Court should award his reasonable and necessary attorneys' fees.

We reverse and render.

## Background

Li owned and operated a Chinese restaurant, which he put up for sale in 2007. The business was DDX Group Investment, LLC, doing business as Dong Tin Chinese Restaurant. Ziguang Lu purchased the business on September 12, 2007. Two months later, DDX Group filed suit against multiple defendants, including Li. DDX Group's petition asserted that Li could be served at a condominium on Beverlyhill Street in Houston, Texas. While he owned the condominium, Li was not residing there at the time.

Service on Li was unsuccessful. DDX Group then sought to serve Li at a residence on Field Yucca Lane in Cypress, Texas. Although a Xiaodong Li lived at the Field Yucca residence, it was not the Li that was the previous owner of DDX Group. Nevertheless, the father for the other Li, who lived with his son at the time, accepted service. The other Li was in China on business at the time. Upon his return, the other Li called a telephone number contained in the documents he

received—although he could not identify at the hearing which phone number he called—and left multiple messages explaining that he was not the Xiaodong Li named in the petition.

On October 27, 2008, DDX Group filed a motion to dismiss the entire cause with prejudice. On November 5, 2008, the trial court granted the motion, ordering that "Cause Number 2007-76928 is DISMISSED, With Prejudice." On November 21, 2008, DDX Group filed a proposed default judgment against Li. Other documents were also subsequently filed. The trial court did not render any other orders until it rendered the default judgment on March 3, 2009.

Li did not learn about the lawsuit until he visited a friend still residing in one of the condominiums on Beverlyhill Street. The friend handed him a letter giving notice that his condominium was going to be foreclosed upon to satisfy the judgment. Li was not able to stop the sale.

He filed a petition for bill of review on December 15, 2009, alleging he was never served with process. A hearing on the petition for a bill of review was held on January 13, 2012. The trial court denied the petition, and this appeal followed.

**Bill of Review**

In his first and third issues, Li argues that the trial court abused its discretion in denying his bill of review because the evidence establishes that he was not served with process and because there was no evidence to the contrary. In his

second issue, Li argues that the trial court abused its discretion in denying his bill of review because he was not required to file a restricted appeal before pursuing the bill of review.

## A. Standard of Review & Applicable Law

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). Bill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Baker*, 582 S.W.2d at 406–07.

When, however, the plaintiff in a bill of review establishes that he was not served with process, constitutional due process eliminates the need to make any additional showing. *Caldwell*, 154 S.W.3d at 97. In that circumstance, "the Constitution discharges the first element, and lack of service establishes the second and third." *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006). In such case, the complained-of judgment is void and must be vacated. *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012).

4

We review a trial court's ruling on a bill of review for an abuse of discretion, indulging every presumption in favor of the court's ruling. *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to guiding rules and principles. *Id.*

B.    **Analysis**

The evidence from the hearing on the bill of review unequivocally shows that Li was never served with process on the underlying lawsuit. This is a fundamental due process error and renders the default judgment against him void. *In re E.R.*, 385 S.W.3d at 566.

At trial, DDX Group established that Li received a letter at his Beverlyhill Street address from DDX Group's attorney in May 2009, two months after the default judgment had been rendered. Li acknowledged at trial that he had written the notation "return moved" on the unopened envelope. There is no indication of the contents of the envelope. On appeal, DDX Group argues that this establishes that Li failed to seek legal remedies before seeking a bill of review.

The requirement that a party must "show that it diligently pursued all adequate legal remedies" is included as part of the third element for obtaining a bill of review. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012). As we have held, however, when a party establishes it was not served with

5

process, that fact by itself establishes both the second and third elements of the bill of review. *Ross*, 197 S.W.3d at 797. No further proof is required. *See Caldwell*, 154 S.W.3d at 97) (holding "[p]roof of non-service, then, will *conclusively establish* the . . . only element[s] that bill of review plaintiffs are required to prove when they are asserting lack of service of process as their only defense" (emphasis added)). Even assuming that proof that Li received an envelope from DDX Group's attorney without proof of the contents of the envelope had the legal effect of establishing some form of notice, this does not defeat Li's bill of review claim.

DDX Group's claim that Li could have pursued, but failed to pursue, a restricted appeal fails for similar reasons. "Failure to file a restricted appeal could only be relevant to the last [element for obtaining a bill of review], and then only if it constituted fault or negligence. We hold it does not." *Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004).

We sustain Li's first three issues.

## C. Disposition

"The final judgment in a bill of review action should either deny any relief to the petitioner or grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy." *Shahbaz v. Feizy Imp. & Exp. Co.*, 827 S.W.2d 63, 64 (Tex. App.—Houston [1st Dist.] 1992, no writ) (citing *Kessler v. Kessler*, 693

S.W.2d 522, 525 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.)). Li asks this court to remand to the trial court so that the original claims against him can be tried on their merits. We cannot do that, however, because there already is another, earlier judgment that "properly adjudicates the entire controversy."

On October 27, 2008, DDX Group represented to the trial court in a motion to dismiss that the parties to the underlying suit had "reached a settlement of the dispute with which this action is concerned." Accordingly, it asked the trial court to dismiss the entire cause with prejudice. The trial court granted this request on November 5, 2008, by signing an order presented by DDX Group and approved as to form and content by its counsel. The order dismissed the entire cause with prejudice.

If the language in a judgment is "clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). DDX Group asked the trial court to dismiss the entire cause with prejudice. It did not identify any parties or claims that would be excepted from this complete dismissal. Nor did the judgment dismissing the entire cause with prejudice include any exceptions. Accordingly, the November 5 order was a final judgment.

Absent a motion that extends the trial court's plenary power, the trial court has plenary power to modify its final judgment or order within 30 days of signing

it, and the court loses jurisdiction to modify its judgment after the 30 days has run. TEX. R. CIV. P. 329b(d); *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 538–39 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Even if a timely plenary-power extending motion is filed, the trial court's plenary power cannot extend beyond 105 days. *See L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996) (citing TEX. R. CIV. P. 329b(c), (e)). Once plenary power has expired, the trial court loses jurisdiction to modify its judgment. *Martin v. Tex. Dept. of Family & Protective Servs.*, 176 S.W.3d 390, 392 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

The only document filed within the trial court's initial 30-day plenary power period was a proposed default judgment against Li. Assuming without deciding that this filing qualified as a plenary-power extending motion, the trial court's plenary power could have extended no further than February 18, 2009. *See L.M. Healthcare*, 929 S.W.2d at 444. The trial court did not take any further action in the case, however, until March 3, 2009, when it signed the default judgment that became the basis for the bill of review proceeding. This was outside the court's plenary power. Accordingly, there was no effective modification of the November 5 judgment. *See Martin*, 176 S.W.3d at 392.

No party to the bill of review has attacked the validity of the November 5 judgment. *See Shahbaz*, 827 S.W.2d at 64 (allowing a bill of review to set aside a

8

final judgment only insofar as it is attacked). Accordingly, neither we nor the trial court has any authority to set it aside. Because the November 5 judgment fully adjudicates all claims asserted in that suit, it follows that there are no issues remaining to be resolved in the bill of review that concern the judgment from the original suit.

## Attorneys' Fees

In his fourth issue, Li argues that "this Court should exercise its discretion in protecting [Li's] due process right in the bill of review case." There is legal authority that attorneys' fees may be awarded in a bill of review proceeding. *See, e.g.*, *Meece v. Moerbe*, 631 S.W.2d 729, 730 (Tex. 1982) (affirming award of attorneys' fees in bill of review proceeding); *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 696 (Tex. App.—Corpus Christi 2000, pet. denied) (holding "attorney's fees are available to the successful party in a bill of review action if there is a legal basis for awarding them pursuant to the underlying cause of action"). All these cases concern an award of fees in the bill of review proceeding, not the appeal from the bill of review.

While he pleaded for attorneys' fees in his petition, Li did not put on any evidence at the hearing to establish that he was entitled to attorneys' fees or to establish the amount of fees incurred. Because he did not present this issue to the

trial court, Li cannot raise it for the first time on appeal. *See* TEX. R. APP. P. 33.1(a) (requiring complaint on appeal to be first presented to trial court).

We overrule Li's fourth issue.

## Conclusion

We reverse the trial court's denial of Li's bill of review. We render a judgment setting aside the default judgment rendered on March 3, 2009, under cause number 2007-76928. The judgment rendered on November 5, 2008, in the same cause, dismissing with prejudice all claims asserted in that cause remains intact.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.